UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARY SLIGER,

    Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.
_____)

**COMPLAINT**

The Plaintiff, MARY SLIGER ("SLIGER"), by and through her undersigned counsel, hereby sues LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof.  This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq.  SLIGER brings this action to recover disability insurance benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. SLIGER was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINA is a corporation with its principal place of business in the Commonwealth

   of Pennsylvania that is authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to SLIGER by LINA.

6. SLIGER was at all times material an employee of or former employee of Honda Logistics North America, Inc.

7. By way of her employment at Honda Logistics North America, Inc., SLIGER was at all times material a plan participant under Group Disability Insurance Policy LK-962076 (the "Disability Policy"), which is a disability insurance policy issued LINA. It is pursuant to Policy LK-962076 for which SLIGER is entitled to benefits. LK-962076 is underwritten by LINA. A copy of the Disability Policy as provided by LINA to SLIGER is attached hereto as Exhibit "A".

8. The Disability Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINA is the insurer of benefits under the Disability Policy and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the Disability Policy and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LINA administered the claim

[1865830/4411772/1]

with a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the Disability Policy, SLIGER is entitled to disability benefits for the duration of her disability, or ager 67, so long as she remains disabled as required under the terms of the Disability Policy.

12. According to the Disability Policy,

> **Definition of Disability/Disabled**
> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
> 2. unable to earn 60% or more of his or her Indexed Earnings.
>
> The Insurance Company will require proof of earnings and continued Disability.

13. Since approximately September 27, 2017, SLIGER has been disabled under the terms of the Disability Policy.

14. Shortly after becoming disabled, SLIGER made a claim to LINA under the Disability Policy for long term disability benefits and benefits were initially approved and paid for the period of March 26, 2018 through March 25, 2020.

15. By way of a denial letter dated February 13, 2020, LINA denied SLIGER's claim for continued long term disability benefits beyond March 25, 2020, contending that SLIGER no longer remained disabled as defined by the policy.

16. SLIGER timely and properly appealed LINA's initial denial letter of February 13, 2020.

17. By letter dated February 18, 2021, LINA informed SLIGER that it was affirming its previous decision to deny her claim for long term disability benefits beyond

March 25, 2020 and informed SLIGER that all administrative remedies had been exhausted.

18. At all relevant times SLIGER complied with all conditions precedent and exhausted all administrative remedies under the Disability Policy.

19. At all relevant times, solely because of injury or sickness, SLIGER has been unable to perform the material duties of her Regular Occupation and unable to earn 80% or more of her Indexed Earnings from working in her Regular Occupation.

20. At all relevant times, solely due to injury or sickness, SLIGER has been unable to perform the material duties of any occupation for which she is, or may reasonably become, qualified based on education, training or experience, and unable to earn 60% or more of her Indexed Earnings.

21. At all relevant times, SLIGER has been under the regular care of a doctor.

22. At all relevant times, SLIGER was a Covered Person under the Disability Policy.

23. As of March 26, 2020, SLIGER has not received benefits owed to her under the Disability Policy despite SLIGER's right to these benefits.

24. LINA has refused to pay SLIGER's claim for long term disability benefits beyond March 25, 2020.

25. At all relevant times, LINA was the payer of benefits.

26. At all relevant times, LINA was the "Insurance Company" identified throughout the Disability Policy.

27. At all relevant times, LINA was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under

the Disability Policy and for deciding any appeals of denied claims.

28. At all relevant times, SLIGER has been and remains Disabled and entitled to disability benefits from LINA under the terms of the Disability Policy.

29. SLIGER has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

30. SLIGER incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), SLIGER, as a participant under the Disability Policy, is entitled to sue for judicial determination and enforcement of benefits.

33. SLIGER has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of LINA's failure to pay her continued long term disability benefits.

34. SLIGER has exhausted all administrative remedies under the Disability Policy.

35. Defendant breached the Disability Policy and violated ERISA in the following respects:

    (a) Failing to pay long term disability benefit payments to SLIGER at a time when LINA knew, or should have known, that SLIGER was entitled to those benefits under the terms of the

Disability Policy, as SLIGER was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the Disability Policy documents, in relation to the applicable facts and Disability Policy provisions, for the denial of SLIGER's claim for disability benefits;

(c) After SLIGER's claim was denied in whole or in part, LINA failed to adequately describe to SLIGER any additional material or information necessary for SLIGER to perfect her claim, along with an explanation of why such material is or was necessary.

(d) LINA failed to properly and adequately investigate the merits of SLIGER's disability claim and failed to provide a full and fair review of SLIGER's claim.

36. SLIGER believes and thereon alleges that LINA wrongfully terminated her claim for disability benefits under the Disability Policy by other acts or omissions of which SLIGER is presently unaware, but which may be discovered in this future litigation and which SLIGER will immediately make LINA aware of once said acts or omissions are discovered by SLIGER.

37. Following the termination of benefits under the Disability Policy, SLIGER exhausted all administrative remedies required under ERISA and SLIGER has performed all duties and obligations on her part to be performed under the

Disability Policy.

38. As a proximate result of the aforementioned wrongful conduct of LINA, SLIGER has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding SLIGER's claim for benefits, SLIGER, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), SLIGER is entitled to have such fees and costs paid by LINA.

40. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, SLIGER is entitled to enforce her rights under the terms of the Disability Policy and to clarify her right to future benefits under the terms of the Disability Policy.

## **REQUEST FOR RELIEF**

WHEREFORE, MARY SLIGER prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of long term disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Disability Policy, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the Disability Policy for so long as Plaintiff remains disabled under the terms of the Disability Policy;

3.  In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.  Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.  Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6.  Such other and further relief as this Court deems just and proper.

DATED: April 13, 2021

> ATTORNEYS DELL AND SCHAEFER, CHARTERED
> Attorneys for Plaintiff
> 2404 Hollywood Boulevard
> Hollywood, FL 33020
> (954) 620-8300
>
> *S/ Alexander A. Palamara*
> ALEXANDER A. PALAMARA, ESQUIRE
> Florida Bar No: 0037170
> Email: alex@diattorney.com
> GREGORY MICHAEL DELL, ESQUIRE
> Florida Bar No: 299560
> Email: gdell@diattorney.com

[1865830/4411772/1]